UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HARTLEY,

           Plaintiff,

      v.

SUNBELT RENTALS, INC. ET AL.,

          Defendants.

CASE NO. 24-cv-01078-JHC

ORDER

# I
## INTRODUCTION

This matter comes before the Court on Defendant Custom Equipment LLC's Motion to Exclude Testimony of Plaintiff's Expert Craig Sylvester (Dkt. # 41) and Plaintiff's Subjoined Motion to Strike the Declaration of Mac Abfall (Dkt. # 52). The Court has considered the materials filed in support of and in opposition to the motions, pertinent portions of the record, and the applicable law. Being fully advised, the Court: (1) DENIES Defendant's Motion to Exclude; (2) and GRANTS in part and DENIES in part Plaintiff's Motion to Strike.

1

## II
### BACKGROUND

Plaintiff Matthew Hartley sues Defendants Sunbelt Rental Inc. and Custom Equipment

LLC to recover for personal injuries he sustained during a jobsite incident on June 14, 2021.

Dkt. # 1-1 at 5.  Plaintiff alleges that on June 14, 2021, he "attempted to move a Sunbelt Rentals

Hy-Brid Lift HB-1030 down a ramp when suddenly and without warning it began to rapidly roll

down the slope of the ramp despite no effort on [his] part to power the lift forward." *Id*. at 6.  He

further alleges that the lift, which was manufactured by Custom Equipment, LLC, "rolled

uncontrollably into a concrete wall at a rapid rate of speed[,]" causing "debilitating physical

injuries" and a variety of economic and noneconomic harms.  *Id*.  Plaintiff argues that

Defendants are liable under a negligence and/or strict liability theory, as his damages are

allegedly the "direct and proximate result of [Defendants'] negligence and the unsafe condition

of the lift[.]"  *Id*. at 7–8.

Plaintiff retained Craig Sylvester, a forensic engineering expert, to determine the "root

cause" of the accident.  Dkt. # 53 at 2; *see also* Dkt. # 41 at 2.  According to Mr. Sylvester, "the

root cause of the incident [on] June 14, 2021 was a mis-wired emergency stop button, as well as

the placement of one or both of the parking brake levers at the rear of the machine in an

intermediate position[.]"  Dkt. # 53 at 2.  Mr. Sylvester contends that he reached this conclusion

"based on [his] review of file materials" as well as his "own investigation, analysis and testing"

of the lift.  *Id*.  He further notes that his "engineering opinion regarding the root cause of the

incident . . . was based on seven (7) sources of information[,]" which included eye-witness

deposition testimony from Plaintiff and his spotter, Arturo Caleb Zertuche, three hands-on

inspections of the lift, his own engineering analysis of the lift's braking design, and the BNB

incident investigation results provided by Defendants.  *Id*. at 3.

1    Mr. Sylvester's opinions about the root cause of the incident were included in his expert

2 disclosure report, dated August 11, 2025, and shared during his deposition on September 10,

3 2025. *See* Dkt. ## 53 at 6; *see also* Dkt. # 41 at 3–4.  Mr. Sylvester maintains that after

4 completing his initial expert disclosure report and being deposed by defense counsel, certain

5 "confusion" and "inconsistencies" remained.  *See* Dkt. # 53 at 7–8.  Accordingly, Mr. Sylvester

6 continued his investigation and obtained more information on the lift at issue.  *Id.* at 8.  He then

7 wrote a supplemental report, dated September 26, 2025, "to reflect the new information [he]

8 received[.]"  *Id.* at 9.

9    After Mr. Sylvester's supplemental report was submitted, Defendant Custom Equipment

10 moved to "strike certain expert opinions and limit testimony of disclosed expert Craig

11 Sylvester."  Dkt. # 41 at 1.  The same day, Defendant also moved for summary judgment against

12 Plaintiff, *see* Dkt. # 39, and filed the "Declaration of Mac Abfall in Support of Motion for

13 Summary Judgment and Motion to Exclude or Limit Testimony of Craig Sylvester."  Dkt. # 44.

14 Plaintiff responded, asking the Court to deny Defendant's Motion to Exclude and strike the

15 Declaration of Mac Abfall, at least in part.  *See* Dkt. # 52 at 2.

**III**
**DISCUSSION**

A.    Defendant's Motion to Exclude

    Defendant requests the Court "exclude the portions of Mr. Sylvester's opinions that are

untimely, speculative and unhelpful to the jury."  Dkt. # 41 at 11.  Defendant argues that

exclusion is warranted because Mr. Sylvester's: (1) supplemental opinions on electromagnetic

braking assistance, back emf braking assistance, and arc suppression circuits are untimely and

unhelpful to the jury; (2) opinions on the intermediate position of the brake levers are

speculative; (3) opinions on the parking brake's holding torque are unhelpful to the jury; and (4)

ORDER - 3

1    opinions that the pre-start inspection checklist failed to adhere to the ANSI A92.22 standards are

2    unhelpful to the jury.  Dkt. # 41 at 5–6.  Plaintiff responds that: (1) Defendant's challenges to the

3    supplemental opinions are moot, as "Mr. Sylvester has no intention of testifying that the HB

4    1030 should have included 'electromagnetic,' 'back emf' or an 'arc suppression circuit' at the

5    time of trial"; (2) Mr. Sylvester's opinions on the intermediate position of the brake levers are

6    "supported by substantial evidence" and "not speculative"; (3) Defendant's challenge to the

7    holding torque opinion is moot, as Mr. Sylvester "will not be testifying regarding [the document

8    that references holding torque]"; and (4) Defendant's challenge to the ANSI A92.22 standards

9    opinion is moot, as Plaintiff concedes that such standards would not apply to the lift at issue and

10   "upon withdrawal of such opinion, nothing should exclude Mr. Sylvester from testifying that

11   industry standards would include a pre-start inspection of the braking system as a matter of

12   common sense and industry standards."  Dkt. # 52 at 4–6, 9.  As discussed below, the Court

13   agrees with Plaintiff and thus denies Defendant's Motion to Exclude.

14        Plaintiff contends, and Defendant accepts, that "Mr. Sylvester has no intention of

15   testifying that the HB 1030 should have included 'electromagnetic,' 'back emf' or an 'arc

16   suppression circuit' at the time of trial."  Dkt. ## 52 at 5; 63 at 3.  The Court thus finds these

17   admissibility questions to be moot.  Plaintiff also states that Mr. Sylvester "will not be testifying

18   regarding [the holding torque] document" and that the "[ANSI A92.22] standards, which were

19   adopted after the manufacture and sale of the HB 1030, would not apply to [the unit at issue.]"

20   Dkt. # 52 at 6, 9.  As Defendant does not challenge the admissibility of testimony by Mr.

21   Sylvester that "industry standards would include a pre-start inspection of the braking system as a

22   matter of common sense and industry standards" nor do they otherwise challenge Plaintiff's

23   concessions on these issues, *see generally* Dkt. ## 41; 63, the Court likewise finds these

24

admissibility questions moot.  Accordingly, the Court denies as moot Defendant's Motion to Exclude these opinions.

As for Mr. Sylvester's opinions on the intermediate position of the brake levers, the Court does not find exclusion proper under the applicable legal standards.  Under Federal Rule of Evidence 702, an expert witness "may testify in the form of an opinion or otherwise" provided:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  In other words, Rule 702 "tasks a district judge with 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'"  *Hyer v. City & Cnty. of Honolulu*, 118 F.4th 1044, 1055 (9th Cir. 2024) (quoting *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022)).  But in performing this role, a district court serves as "a gatekeeper, not a fact finder."  *Elosu*, 26 F.4th at 1020 (quoting *Primiano v. Cook*, 598 F.3d 558, 568 (9th Cir. 2010)).  It thus "may screen an expert opinion for reliability, and may reject testimony that is wholly speculative," but cannot "weigh the expert's conclusions or assume a factfinding role."  *Id*.

A district court has "broad discretion" in making relevancy and reliability rulings.  *Hyer*, 118 F.4th at 1055 (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017)).  For relevancy, the "bar is low," *see Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014), with courts finding expert testimony relevant so long as it "will assist the trier of fact to understand the evidence or to determine a fact in issue."  *Daubert v. Merrell Dow Pharms., Inc. ("Daubert I")*, 509 U.S. 579, 589 (1993) (citing Fed. R. Evid. 702(a)).  For

reliability, courts often consider: "1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique; and 4) whether the theory or technique enjoys general acceptance within the relevant scientific community." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citing *Daubert I*, 509 U.S. at 592–94). But these factors are not exhaustive nor intended to be applied in every case. *Id*. (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). Rather, courts have "broad latitude in determining whether an expert's testimony is reliable" and "in deciding how to determine the testimony's reliability." *Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotations omitted).

The Court concludes that Mr. Sylvester's opinions on the intermediate position of the brake levers "both rests on a reliable foundation and is relevant to the task at hand." *Hyer*, 118 F.4th at 1055. As for relevancy, the Court finds that Mr. Sylvester's opinions on the intermediate position of the brake levers will "assist the trier of fact" to determine the root cause of the June 14, 2021 incident. As the root cause of the incident is "a fact in issue," Mr. Sylvester's testimony satisfies the standard for relevancy. As for reliability, the Court concludes that Mr. Sylvester reviewed numerous sources of information, utilized reliable principles and methods of forensic engineering, and reliably applied said principles and methods to the facts of the case. Although Defendant challenges Mr. Sylvester's opinions for being improperly based on the BNB incident investigation results, i.e., "notes for an unknown purpose and by an unknown author," *see* Dkt. # 41 at 9, the Court notes that Mr. Sylvester's investigation was not limited to this document. *See* Dkt. # 53 at 3–4. Rather, Mr. Sylvester "considered seven categories of evidence in reaching his conclusion, only one of which was a document generated during the course of BN Builders investigation, which occurred shortly after the incident in

question." Dkt. # 52 at 4.  The Court thus declines to exclude Mr. Sylvester's testimony on the brake levers as "speculative."

The Court also notes that while Defendant raises various other arguments for exclusion in their Motion and Reply, none of these arguments provide a proper basis for exclusion, as they all speak to issues of fact-finding, not gatekeeping.  For example, Defendant argues that Mr. Sylvester's brake lever opinion is improper because it "leaves the jury to speculate that the brake levers were in [an intermediate] configuration at the time of the incident." Dkt. # 41 at 10. While this may be true, it does not provide a valid basis for the Court to exclude the testimony at this stage—it merely creates a potential factual dispute for the trier of fact to resolve at trial. Similarly, Defendant's disagreement with Mr. Sylvester's exclusion of other possible explanations for the accident and his reasons for doing so do not render his opinions inadmissible—they merely make it more likely that the trier of fact will view Mr. Sylvester's conclusions about the root cause of the accident less credible.  Because the Court must act as "a gatekeeper, not a fact finder," *see Elosu*, 26 F.4th at 1020, it cannot exclude portions of Mr. Sylvester's testimony for any of these fact-finding based reasons.

Accordingly, the Court DENIES Defendant's Motion to Exclude.

B.     Plaintiff's Motion to Strike

Plaintiff asks the Court to strike the Declaration of Mac Abfall (Dkt. # 44), particularly with respect to paragraphs 9 through 16. Dkt. # 52 at 2–3.  Plaintiff contends that the Declaration must be stricken because "Mr. Abfall strays from his role as a fact witness, to that of an expert" and improperly provides "'rebuttal' opinions to that of Mr. Sylvester."  *Id*. at 2–3. Defendant rejects Plaintiff's characterization of the Declaration as "undisclosed expert testimony[,]" arguing that Mr. Abfall does not offer "expert opinions" but merely "generic background [information] on how the scissor lift functions" that is rooted in his personal

1

2

knowledge.  Dkt. # 63 at 2.  The Court agrees with both parties in part and thus grants in part and denies in part Plaintiff's Motion to Strike.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

Under the Federal Rules of Evidence, "[i]f a witness renders an opinion as a lay witness, that opinion must comply with [Rule] 701, which limits lay witness' testimony to 'those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.'" *Gershkowitz v. State Farm Gen. Ins. Co.*, 2022 WL 17251978, at *2 (C.D. Cal. Aug. 26, 2022) (quoting Fed. R. Evid. 701).  "Thus, under Rule 701, any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Federal Rules of Civil Procedure." *Id.*  This includes testimony by a lay witness that directly or indirectly "intimates" causation of an accident based on the witness's technical knowledge. *See id.* at *3 (collecting cases).  But does not include general testimony by a lay witness based on their personal knowledge, "even if the subject matter [of the testimony] is specialized or technical." *See United States v. Losch*, 603 F. Supp. 3d 795, 798 (D. Ariz. 2022) (internal quotation marks and citations omitted).

18

19

20

21

22

23

24

Here, both parties agree that Mr. Abfall is not an expert witness and that his Declaration is not an expert opinion. *See* Dkt. ## 41 at 2; 63 at 1.  Accordingly, "any testimony" by Mr. Abfall that "fall[s] within Rule 702, rather than Rule 701, must be excluded." *Gershkowitz*, 2022 WL 17251978, at *2.  As the Court finds that Mr. Abfall is a lay witness with personal knowledge regarding the functions and technical specifications of the HB 1030 lift, it finds that his general testimony about the lift is proper.  Because Plaintiff does not challenge Mr. Abfall's

personal knowledge nor the helpfulness of his testimony, *see generally* Dkt. # 52, the Court finds no basis to strike the Declaration in full or in part as to paragraphs 9-13 and 15.

As for paragraphs 14 and 16, the Court finds exclusion warranted.  Unlike the rest of the Declaration, these paragraphs specifically reference and respond to Mr. Sylvester's expert opinions.  Paragraph 14 states that "even if the parking brake was circumvented in such a way [as described by Mr. Sylvester], this would not reduce or eliminate the dynamic braking that exists for the equipment" and paragraph 16 claims that, contrary to Mr. Sylvester's opinion, there is no "discrepancy" between the cited document and the lift at issue.  Dkt. # 44 at 4–5.  While Defendant is correct that none of these statements directly opine "on causation, damages, or product defect," the Court does find that these paragraphs "intimate" that both the intermediate position of the brake lever and the lift's divergence from the document did not cause the accident.  As a result, the Court finds it proper to strike paragraphs 14 and 16, as the testimony in these paragraphs falls within the scope of Rule 702 and Defendant has not satisfied Rule 702's requirements for this testimony.

Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Strike.

**IV**
**CONCLUSION**

For these reasons,

(a)    The Court DENIES Defendant's Motion to Exclude (Dkt. # 41);

(b)    The Court GRANTS in part and DENIES in part Plaintiff's Motion to Strike (Dkt. # 52).  Paragraphs 14 and 16 of the Declaration of Mac Abfall (Dkt. # 44) are hereby stricken.

//

Dated this 24th day of November, 2025.

John H. Chun
United States District Judge

ORDER - 10