UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW HARTLEY,<br><br>Plaintiff,<br><br>v.<br><br>SUNBELT RENTALS, INC. ET AL.,<br><br>Defendants. | CASE NO. 24-cv-01078-JHC<br><br>ORDER |

**I**
**INTRODUCTION**

This matter comes before the Court on "Plaintiff's Expert Challenge" (Motion to Exclude). Dkt. # 42. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. It finds oral argument unnecessary. Being fully advised, the Court DENIES the Motion.

**II**
**BACKGROUND**

This case is a personal injury lawsuit brought by Plaintiff Matthew Hartley against Defendants Sunbelt Rental Inc. and Custom Equipment LLC. As stated in this Court's prior order:

ORDER - 1

>Plaintiff alleges that on June 14, 2021, he "attempted to move a Sunbelt Rentals Hy-Brid Lift HB-1030 down a ramp when suddenly and without warning it began to rapidly roll down the slope of the ramp despite no effort on [his] part to power the lift forward." Dkt. # 1-1 at 6. He further alleges that the lift, which was manufactured by Custom Equipment, LLC, "rolled uncontrollably into a concrete wall at a rapid rate of speed[,]" causing "debilitating physical injuries" and a variety of economic and noneconomic harms. *Id*. Plaintiff argues that Defendants are liable under a negligence and/or strict liability theory, as his damages are allegedly the "direct and proximate result of [Defendants'] negligence and the unsafe condition of the lift[.]" *Id*. at 7–8.

Dkt. # 69 at 2.

Defendants retained the following expert witnesses: (1) John L. Straubinger, a mechanical engineer tasked with "attend[ing] joint inspections of the Hy-Brid lift and evaluat[ing] the braking system[,]" *see* Dkt. # 58 at 11; (2) Mark J. Lawless, President of Construction Systems Management Inc. (CSMI), *see* Dkt. # 43 at 53; (3) Dr. Lawrence Murphy, a board-certified neurologist, *see id*. at 88; and (4) Dr. Bruce A. Rolfe, a board-certified orthopedic surgeon, *see id*. at 115.

Plaintiff now moves to "strike" the testimony of these four expert witnesses. *See generally* Dkt. ## 42, 61. Plaintiff argues that exclusion is proper because: (1) "Mr. Straubinger has no opinions on a 'more probable than not' basis" and thus his opinions are speculative, unhelpful to the trier of fact, and "insufficient on application of the federal rules of evidence," *see* Dkt. ## 42 at 6–8; 61 at 2–7; (2) Mr. Lawless's opinions are "irrelevant and not helpful to the trier of fact" because they are "directed toward the wrong entities," "based on pure ipsa [*sic*] dixit" and "unreasonably nonsensical," *see* Dkt. ## 42 at 8–10; 61 at 7–10; and (3) Dr. Murphy's and Dr. Rolfe's opinions are "inadequate," "unhelpful to the finder of fact," and "inadmissible." because their testimony is "arbitrary" and "unsupported by the facts," *see* Dkt. ## 42 at 10–12; 61 at 12–14. Plaintiff also requests the Court "bar[ ] any reference" to the Washington State Department of Labor and Industries (L&I) records "during the course of trial, even if the defense

ORDER - 2

experts relied on such information in formulating their opinions." Dkt. # 42 at 12; *see also* Dkt. # 61 at 10–12.

Defendants respond that the opinions of all four experts comply with the applicable evidentiary rules and are properly before the Court. *See generally* Dkt. ## 54; 56. They also contend that although their experts may review and rely on Plaintiff's L&I records to form their opinions, they do not intend to offer these records, nor any other evidence related to Plaintiff's L&I benefits, at trial. *See* Dkt. ## 54 at 4–5; 56 at 11.

### III
### DISCUSSION

A.   Legal Standards

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under Rule 702, an expert witness "may testify in the form of an opinion or otherwise" provided:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. In other words, Rule 702 "tasks a district judge with 'ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Hyer v. City & Cnty. of Honolulu*, 118 F.4th 1044, 1055 (9th Cir. 2024) (quoting *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022)). The proponent of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. *See Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also Qualey v. Pierce Cnty.*, 2025 WL 254810, at *3 (W.D. Wash. Jan. 21, 2025). But district courts have "'broad discretion' in

rendering such evidentiary rulings[,]" *Hyer*, 118 F.4th at 1055 (citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1065 (9th Cir. 2017)), and construe Rule 702 "liberally [ ] in favor of admissibility,." *Chinn v. Whidbey Pub. Hosp. Dist.*, 2021 WL 5200171, at *2 (W.D. Wash. Nov. 9, 2021) (citing *Daubert v. Merrell Dow Pharms., Inc. ("Daubert I")*, 509 U.S. 579, 588 (1993)).

Under Rule 702, expert testimony is relevant if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert I*, 509 U.S. at 589 (citing Fed. R. Evid. 702(a)). "The relevancy bar [for expert testimony] is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert v. Merrell Dow Pharms., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995)). As for reliability, courts often consider: "1) whether a theory or technique can be tested; 2) whether it has been subjected to peer review and publication; 3) the known or potential error rate of the theory or technique; and 4) whether the theory or technique enjoys general acceptance within the relevant scientific community." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (citing *Daubert I*, 509 U.S. at 592–94). But these factors are neither exhaustive nor intended to be applied in every case. *Id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). Rather, courts have "broad latitude in determining whether an expert's testimony is reliable" and "in deciding *how* to determine the testimony's reliability." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (internal quotation marks and citations omitted).

In evaluating expert testimony, "the district court is 'a gatekeeper, not a fact finder.'" *Elosu*, 26 F.4th at 1020 (quoting *Primiano v. Cook*, 598 F.3d 558, 568 (9th Cir. 2010)). It thus "may screen an expert opinion for reliability, and may reject testimony that is wholly speculative," but "may not weigh the expert's conclusions or assume a factfinding role." *Id.*

ORDER - 4

Expert testimony that "rests on assumptions that are not supported by evidence" or "[a] party's own speculation" are inadmissible. *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019). But arguments about an expert's credibility, the nature of the expert's evidence, and other issues that speak to the weight of the evidence do not provide a proper basis for exclusion— "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564; *see also Hangarter*, 373 F.3d at 1017 n.14 (9th Cir. 2004).

B.      Expert Opinions of John L. Straubinger

Plaintiff argues that Mr. Straubinger's expert opinions should be excluded because he offers "no opinions on a 'more probable than not' basis" and his testimony "is nothing more than speculation and conjecture." Dkt. ## 42 at 8; 61 at 4. The Court disagrees.

Although Plaintiff is correct that Mr. Straubinger testified in his deposition that he "cannot state on a more-probable-than-not basis" how the accident occurred, *see* Dkt. # 42 at 6–8, Plaintiff incorrectly states that none of Mr. Straubinger's opinions were offered on a more-probable-than-not basis. As noted in his Affidavit (Dkt. # 58), Mr. Straubinger's Report of Findings included eight conclusions about the functionality of the lift's brakes, each of which was "provided on a more-probable-than-not basis and to a reasonable degree of engineering certainty." *See* Dkt. # 58 at 4. Further, Mr. Straubinger's statements that he cannot determine the cause of the accident on a more-probable-than-not basis does not affect his conclusion that, on a more-probable-than-not basis, the cause of the accident is unclear. The Court thus finds most of Plaintiff's "more-probable-than-not" arguments inapplicable.

As for the speculation issue, Plaintiff is correct that Mr. Straubinger discussed "possibilities" in his deposition testimony but is incorrect that Mr. Straubinger's references to these "possibilities" makes his testimony too speculative to be admissible. Contrary to Plaintiff's

ORDER - 5

suggestions, Mr. Straubinger never asserted that any of these other "possibilities" were the cause of the accident nor will the jury, thanks to this testimony, be asked to find causation for the accident based on speculation. Instead, Mr. Straubinger asserts that "it is unclear or unknown why Plaintiff was unable to stop the lift as it went down the slope" because these other "possibilities cannot be ruled out as causes of the subject incident." *Id*. at 5. As Plaintiff cites no case law suggesting that a lack of a definite conclusion on causation renders an expert's testimony inadmissible, the Court declines to reject Mr. Straubinger's testimony on this basis.

As Plaintiff offers no other basis for exclusion, and the Court finds that Mr. Straubinger's opinions otherwise satisfy the relevancy and reliability requirements of Rule 702, it denies the Motion as to Mr. Straubinger.

C.     Expert Opinions of Mark J. Lawless

Plaintiff argues that Mr. Lawless's expert opinions should be excluded because his critiques are "directed toward the wrong entities," "are based on pure ipsa [*sic*] dixit," and are "unreasonably nonsensical." Dkt. ## 42 at 8; 61 at 7. But the opinions do not strike the Court as inadmissible flapdoodle.

Although Plaintiff challenges Mr. Lawless's testimony on several grounds, all of Plaintiff's arguments go to the weight of the evidence—not admissibility. For example, Plaintiff's argument that Mr. Lawless's conclusions are "absurd" speaks to the credibility of Mr. Lawless's opinions, not the admissibility of his testimony. Because "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion[,]" *Primiano*, 598 F.3d at 564, the Court declines to exclude Mr. Lawless's testimony for any of the reasons offered by Plaintiff.

As the Court finds that Mr. Lawless's opinions otherwise satisfy the relevancy[1] and reliability requirements of Rule 702, it denies the Motion as to Mr. Lawless.

D.  Expert Opinions of Dr. Lawrence Murphy and Dr. Bruce A. Rolfe

Plaintiff argues that Dr. Murphy's and Dr. Rolfe's expert opinions should be excluded because, "contrary to the facts," the doctors "arbitrarily" concluded that all of Plaintiff's medical care after May 25, 2022 was related to a preexisting condition. Dkt. # 42 at 11. The Court disagrees.

The Court finds that Dr. Murphy's and Dr. Rolfe's opinions satisfy the basic relevancy and reliability requirements of the Federal Rules of Evidence. Defendants contend, and the Court accepts, that Dr. Murphy and Dr. Rolfe based "their opinions on their extensive training and experience as well as consideration of the material set forth in their reports." Dkt. # 54 at 3. The Court also notes that these materials included reports by Plaintiff of certain preexisting conditions and symptoms before the accident, thereby providing a factual basis for the experts to conclude that not all of Plaintiff's medical care stemmed from the June 14, 2021 incident. While the Court acknowledges Plaintiff's temporal concerns and other challenges to the doctors' opinions, *see generally* Dkt. ## 42, 61, the Court does not find that these arguments provide a valid basis for exclusion. Rather, these concerns create a dispute of material fact that is properly resolved by the fact finder.

As Plaintiff offers no other basis for exclusion, the Court denies the Motion as to Dr. Murphy and Dr. Rolfe.

---

[1] The Court notes that Washington State has adopted a comparative fault system. *See* RCW 4.22.050. It thus finds Mr. Lawless's testimony on Plaintiff's own negligence relevant to comparative fault, not to the issue of contributory negligence.

ORDER - 7

E.   L&I Evidence

Plaintiff asks the Court to "bar[ ] any reference" to Plaintiff's L&I records during trial and "be vigilant in assuring that the defense stays well-away from forbidden information under the 'collateral source' rule." Dkt. ## 42 at 12; 61 at 12. But Defendants state that they have no intention of offering Plaintiff's L&I records at trial. *See* Dkt. ## 54 at 5; 56 at 11. Given this representation, and the fact that the parties agree that the defense experts may properly rely on the L&I records in forming their opinions, the Court finds Plaintiff's arguments on this topic moot.[2] It thus denies the Motion as to the L&I evidence.

## IV
## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion to Exclude (Dkt. # 42).

Dated this 26th day of November, 2025.

John H. Chun
United States District Judge

---

[2] To the extent that Plaintiff remains concerned, the Court affirms that, as with all cases, it intends to prohibit the parties from offering any evidence that is "prohibited and forbidden by the 'collateral source' rule." *See* Dkt. # 61 at 12.

ORDER - 8