UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MATTHEW HARTLEY, individually,<br><br>   Plaintiff,<br><br>   v.<br><br>SUNBELT RENTALS INC., A FOREIGN CORPORATION DOING BUSINESS WITHIN THE STATE OF WASHINGTON; CUSTOM EQUIPMENT, LLC, AND STRATFORD-CAMBRIDGE GROUP (SGI), A FOREIGN CORPORATION DOING BUSINESS IN THE STATE OF WASHINGTON, AND THE MANUFACTURER OF HY-BRID LIFTS,<br><br>   Defendants. | NO. 2:24-cv-01078-JHC<br><br>STIPULATED PROTECTIVE ORDER |

1.  PURPOSES AND LIMITATIONS

Plaintiff's legal counsel has requested that defense medical expert Lawrence C. Murphy, M.D. produce confidential, proprietary, or private information for which special protection is warranted. Accordingly, the parties and Dr. Murphy hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties and Dr. Murphy acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under

the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include Dr. Murphy's 1099 federal income tax forms related to income received for performing forensic work including but not limited to the tax years 2022, 2023, and 2024. They will be redacted to exclude the "Recipient's identification number".

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by Dr. Murphy in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. A receiving party shall not otherwise disseminate confidential material or the substance or content of such confidential material to others not authorized to receive such material. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 **Use of "CONFIDENTIAL" Information or Items at Trial**. At the trial of this matter, Dr. Murphy, Plaintiff, or Defendants may object to the admission of confidential material prior to its use in deposition or trial.

4.3. **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by Dr. Murphy, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the receiving party and Dr. Murphy agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) the court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material; and

Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement.

4.4 **Filing Confidential Material**. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with Dr. Murphy, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether Dr. Murphy will remove the confidential designation, whether the document can be redacted, or whether a motion to

seal or stipulation and proposed order is warranted. During the meet and confer process, Dr. Murphy must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): Dr. Murphy must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, Dr. Murphy also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Other tangible items</u>: Dr. Murphy must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, Dr. Murphy, to the extent practicable, shall identify the protected portion(s).

5.2     Inadvertent Failure to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Dr. Murphy's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to Dr. Murphy's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties and Dr. Murphy must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties and Dr. Murphy cannot resolve a challenge without court intervention, Dr. Murphy may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on Dr. Murphy. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and

burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify Dr. Murphy in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When Dr. Murphy gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

9. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Except as otherwise agreed in writing, at the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, all Confidential Information received in written or tangible form, including copies, reproductions or other media containing such Confidential Information, shall be promptly destroyed or returned to counsel for Dr. Murphy. If documents containing Confidential Information are kept in electronic form, counsel shall permanently delete such documents.

The confidentiality obligations imposed by this agreement shall remain in effect until Dr. Murphy agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 10th day of December 2025.

| THE LAW OFFICES OF BEN F. BARCUS AND ASSOCIATES | MERRICK, HOFSTEDT & LINDSEY, P.S. |
|---|---|
| By /s/ Paul A. Lindenmuth<br>    Ben F. Barcus, WSBA #15576<br>    Paul A. Lindenmuth, WSBA #15817<br>Attorneys for Plaintiff | By /s/ Philip R. Meade<br>    Philip R. Meade, WSBA #14671<br>    Rossi F. Maddalena, WSBA #39351<br>Attorneys for Defendant Sunbelt Rentals, Inc. |
| SMITH FREED EBERHARD, P.C. | SOCIUS LAW GROUP, PLLC |
| By /s/ Kyle D. Riley<br>    Kyle D. Riley, WSBA #38078<br>    John D. Barton, WSBA #45529<br>Attorneys for Defendant Custom Equipment, LLC | By *Jeannette Adams Gorman*<br>    Jeannette Adams Gorman, WSBA #27209<br>Attorneys for Lawrence C. Murphy, M.D. |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: December 10, 2025.

*John H. Chun*
John H. Chun
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of <u>Matthew Hartley v. Sunbelt Rentals Inc., et al.</u>, cause no. 2:24-cv-01078-JHC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____