# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MATTHEW HARTLEY, Individually,

               Plaintiff,

    v.

SUNBELT RENTALS, INC., A FOREIGN CORPORATION DOING BUSINESS WITHIN THE STATE OF WASHINGTON; CUSTOM EQUIPMENT, LLC, AND STRATFORD-CAMBRIDGE GROUP (SGI), A FOREIGN CORPORATION DOING BUSINESS IN THE STATE OF WASHINGTON, AND THE MANUFACTURER OF HY-BRID LIFTS,

               Defendants.

No. 2:24-cv-01078-JHC

**ORDER ON DEFENDANT CUSTOM EQUIPMENT'S MOTIONS IN LIMINE**

**NOTE ON MOTION CALENDAR: JANUARY 20, 2026**

This matter comes before the Court on Defendant Custom Equipment LLC's Motions in Limine (MILs).  Dkt. # 80.  The Court has reviewed the materials filed in support of and in opposition to the motions, the rest of the record, and the governing law.  Being fully advised, the Court ORDERS as follows:

**MOTION IN LIMINE NO. 1:   Whether non-party witnesses should be excluded from trial prior to testimony**

Granted.

ORDER ON DEFENDANT CUSTOM
EQUIPMENT'S MOTIONS IN LIMINE
Page  1
Case No. 2:24-cv-01078-JHC

**MOTION IN LIMINE NO. 2:**   **Whether parties should be provided advanced notice of the next day's witnesses**

Granted.

**MOTION IN LIMINE NO. 3:**   **Whether exhibits presented in opening statement should be pre-approved by the opposing parties**

Granted.

**MOTION IN LIMINE NO. 4:**    **Whether non-expert testimony regarding medical or psychological diagnoses or causation of medical or psychological conditions should be excluded**

Reserved.  The Court ORDERS Plaintiff to alert the Court before making reference before the jury to any information covered by this MIL so that the issue may be resolved outside the presence of the jury.

**MOTION IN LIMINE NO. 5:**   **Whether any and all reference to litigation expenses incurred by Plaintiff should be excluded**

Granted.

**MOTION IN LIMINE NO. 6:**   **Whether speculative testimony regarding potential future medical expenses should be excluded**

Reserved.  The Court ORDERS Plaintiff to alert the Court before making reference before the jury to any information covered by this MIL so that the issue may be resolved outside the presence of the jury.

**MOTION IN LIMINE NO. 7:**   **Whether testimony or evidence that Plaintiff cannot afford to pay his medical bills should be excluded**

Granted.

**MOTION IN LIMINE NO. 8:**   **Whether testimony or evidence of any emotional distress of Plaintiff, including any caused by this litigation should be excluded**

Granted.

**MOTION IN LIMINE NO. 9:**   **Whether the Court should exclude any testimony, evidence and argument of claims, witnesses, theories, injuries, or damages not properly disclosed during discovery**

Granted.  This ruling is reciprocal.

**MOTION IN LIMINE NO. 10:**   **Whether the Court should allow Defendants to present evidence of Plaintiff's medical bills**

Granted.

**MOTION IN LIMINE NO. 11:**   **Whether references to pre-trial motions and disputes, including these motions in limine, should be excluded**

Granted.

**MOTION IN LIMINE NO. 12:**   **Whether any argument that the trier of fact "send a message to" or otherwise punish Defendant should be excluded**

Granted.

ORDER ON DEFENDANT CUSTOM
EQUIPMENT'S MOTIONS IN LIMINE
Page  3
Case No. 2:24-cv-01078-JHC

**MOTION IN LIMINE NO. 13:** **Whether any expression by Plaintiff concerning his personal belief of parties' and/or witness' credibility should be prohibited**

Granted.  This ruling is reciprocal as to Defendants.

**MOTION IN LIMINE NO. 14:** **Whether any reference to Defense counsel's legal practice, size, or location of the lawyers or law firm representing Defendant should be excluded**

Granted.  This ruling is reciprocal as to Plaintiff.

**MOTION IN LIMINE NO. 15:** **Whether witnesses should be precluded from offering their personal opinions on the craftmanship of the scissor lift**

Reserved.  The Court ORDERS Plaintiff to alert the Court before making reference before the jury to any information covered by this MIL so that the issue may be resolved outside the presence of the jury.

**MOTION IN LIMINE NO. 16:** **Whether the Court should exclude BN Builder's documents and reports that lack authentication**

Reserved.

**MOTION IN LIMINE NO. 17:** **Whether the Court should exclude argument and testimony of "Golden Rule" or asking the jurors to place themselves in the Plaintiff's position**

Granted.

**MOTION IN LIMINE NO. 18:** **Whether Plaintiff should be precluded from speculating or arguing about other similar incidents**

Reserved.  The Court ORDERS Plaintiff to alert the Court before making reference before the jury to any information covered by this MIL so that the issue may be resolved outside the presence of the jury.

**MOTION IN LIMINE NO. 19:   Whether Plaintiff should be precluded from eliciting legal conclusions or legal arguments from Defendant's lay witnesses**

Granted.  This ruling is reciprocal.

**MOTION IN LIMINE NO. 20:   Whether evidence, reference to evidence, testimony, or argument relating to the wealth or poverty of Defendants should be excluded**

Granted.  This ruling is reciprocal as to Plaintiff.

**MOTION IN LIMINE NO. 21:   Whether Plaintiff should be precluded from offering argument or theories based on *res ipsa loquitor***

Denied as moot.


IT IS FURTHER ORDERED that, pursuant to FRE 103, counsel will alert their clients and witnesses as to the nature and extent of the rulings above and shall instruct their witnesses not to refer to or mention the evidence excluded.

IT IS FURTHER ORDERED that in the event either party believes a matter needs to be reconsidered, counsel will do so by requesting the opportunity to confer with the Court outside the presence of the jury.

DATED this 23rd day of January, 2026.

_____
John H. Chun
United States District Judge

ORDER ON DEFENDANT CUSTOM
EQUIPMENT'S MOTIONS IN LIMINE
Page  5
Case No. 2:24-cv-01078-JHC